Gottwald v Sebert (2022 NY Slip Op 01515)





Gottwald v Sebert


2022 NY Slip Op 01515


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 653118/14 Appeal No. 15495&M-0497 Case No. 2021-03036 

[*1]Lukasz Gottwald Professionally Known as Dr. Luke, et al., Plaintiffs-Appellants,
v
Kesha Rose Sebert Professionally Known As Kesha, Defendant-Respondent, Pebe Sebert et al., Defendants. Samuel D. Isaly Amicus Curiae.


Mitchell Silberberg & Knupp LLP, New York (Christine Lepera of counsel), for appellants.
O'Melveny & Myers LLP, New York (Leah Godesky of counsel), for respondent.
Carter Ledyard & Milburn LLP, New York (Alan S. Lewis and John J. Walsh of counsel), for Samuel D. Isaly, amicus curiae.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about June 30, 2021, which granted defendant's motion for a ruling that Civil Rights Law § 76-a applies to plaintiffs' defamation claims against her and for leave to assert a counterclaim against plaintiffs under Civil Rights Law § 70-a, unanimously reversed, on the law, without costs, and the motion denied.
Contrary to the decision of the motion court and in other nonbinding decisions (see e.g. Palin v New York Times Co., 510 F Supp 3d 21 [SD NY 2020]), there is insufficient evidence supporting the conclusion that the legislature intended its 2020 amendments to the anti-strategic lawsuit against public participation (anti-SLAPP) law (see Civil Rights Law § 70 et seq.) to apply retroactively to pending claims such as the defamation claims asserted by plaintiffs in this action.
The Court of Appeals has stated, in general terms, that "ameliorative or remedial legislation" should be given "retroactive effect in order to effectuate its beneficial purpose" (Matter of Marino S., 100 NY2d 361, 370-371 [2003], cert denied 540 US 1059 [2003]), and this Court, in limited circumstances, has found the requisite legislative intent to apply a statute retroactively based on the remedial nature of the statute (see e.g. Matter of Jaquan L. [Pearl L.], 179 AD3d 457 [1st Dept 2020] [retroactive application of amendment that acts remedially to expand existing benefits to a class of persons arbitrarily denied those benefits by the original legislation]). Nevertheless, in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]), the Court of Appeals noted that the United States Supreme Court had previously limited "the continued utility of the tenet that new 'remedial' statutes apply presumptively to pending cases" (35 NY3d at 365), and it has otherwise noted that "[c]lassifying a statute as remedial does not automatically overcome the strong presumption of prospectivity since the term may broadly encompass any attempt to supply some defect or abridge some superfluity in the former law" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998] [internal quotation marks omitted]). In addition, where, as here, the fact that the legislature has provided that amendments shall "take effect immediately," even though that may evince a "sense of urgency," the meaning of that phrase is, at best, "equivocal" in an analysis of retroactivity (Majewski, 91 NY2d at 583; see Aguaiza v Vantage Props., LLC, 69 AD3d 422 [1st Dept 2010]).
In light of the above principles and the factual evidence that the amendments to New York's anti-SLAPP law were intended to better advance the purposes of the legislation by correcting the narrow scope of the prior anti-SLAPP law, we find that the presumption of prospective application of the amendments has not been defeated. The legislature acted to broaden the scope of the law almost 30 years after the law [*2]was originally enacted, purportedly to advance an underlying remedial purpose that was not adequately addressed in the original legislative language. The legislature did not specify that the new legislation was to be applied retroactively. The fact that the amended statute is remedial, and that the legislature provided that the amendments shall take effect immediately, does not support the conclusion that the legislature intended retroactive application of the amendments.
Given the conclusion that the 2020 amendments expanding the scope of Civil Rights Law § 76-a do not apply retroactively to cover plaintiffs' pending defamation claims, the motion seeking a ruling to that effect and for leave to assert a Civil Rights
Law § 70-a counterclaim premised on plaintiffs' claims being subject to the anti-SLAPP law must be denied in both respects. M-0497 — Lukasz Gottwald v Kesha Rose Sebert
Motion of nonparty Samuel D. Isaly for leave to file
brief as amicus curiae, granted. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022